**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV233-1-MU
3:05CR288-MU**


| | |
|---|---|
| DAVID CHEN PUI, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| Vs. | )  **ORDER** |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent. | ) |

     **THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 14, 2007.

## ANALYSIS

     On July 28, 2005, a Bill of Information was filed charging Petitioner with violating 18 U.S.C. §§ 371, 2319(a) and (b)(1), and 506(a)(1). On August 12, 2005, the parties filed a Plea Agreement with the Court. On August 22, 2005, Petitioner entered a guilty plea at his Rule 11 hearing. On June 27, 2006, this Court sentenced Petitioner to 12 months and one day of imprisonment and two years of supervised release. Petitioner did not directly appeal his sentence or conviction. On June 14, 2007, Petitioner filed the instant Motion to Vacate alleging that this Court was without authority to sentence him to a term of supervised release.[1]

---

     [1] Petitioner requests that if this Court declines to amend his Judgment to reflect no term of supervised release that this Court order that he have unlimited access to travel throughout the United States for employment purposes and to relocate his immediate family to the Country of Taiwan. Such a request is premature and should

## I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claim.[2]

## II. PETITIONER HAS WAIVED HIS RIGHT TO RAISE THIS CLAIM

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Plea Agr. ¶ 18). At his Rule 11 hearing, Petitioner swore under oath[3] that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction

first be made through the Probation Department.

[2] The Court notes that after serving one year of his supervised release term Petitioner may move pursuant to 18 U.S.C. § 3583(e) to have the remainder of his supervised release term terminated.

[3] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

proceeding. (Entry and Acceptance of Guilty Plea Form ¶ 25).

The United States Court of Appeals for the Fourth Circuit has upheld knowing and voluntary waivers to contest convictions or sentences in § 2255 motions. See United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005); accord United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005)(upholding defendant's knowing and voluntary waiver of appellate rights). The claim raised by Petitioner in his Motion to Vacate does not fall within the scope of the exceptions to the Plea Agreement's post-conviction waiver provision. Consequently, inasmuch as Petitioner has not alleged or suggested that his Plea Agreement is somehow invalid, this Court concludes that the Plea Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the ground raised in his Motion to Vacate.

## III. PROCEDURAL BAR

Even if Petitioner had not waived his rights to raise this claim in a § 2255 proceeding, he has procedurally defaulted this claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review of the record reveals that Petitioner did not file a direct appeal and therefore he did not raise this claim on direct appeal. Petitioner does not allege any basis for finding that cause and prejudice exist to excuse his procedural default. Nor does he allege that he is actually innocent. Accordingly, his failure to raise this claim on direct review has resulted in its being procedurally defaulted. Id.

3

## IV.  PETITIONER'S CLAIM IS MERITLESS

Even if Petitioner had not waived his right to bring this claim and if this claim were not procedurally barred, it is without merit.  Quite simply, this Court had the authority to sentence Petitioner to a term of supervised release.  Pursuant to 18 U.S.C. § 3583 when imposing a sentence for a term of imprisonment for a felony or a misdemeanor a district court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.  Section 3583(b) authorizes a sentencing court to impose up to three years of supervised release for Class D felonies.  A crime which has a maximum term of imprisonment of less than ten years but five or more years is a Class D felony.  18 U.S.C. § 3559(a)(4).  Petitioner's crimes were punishable by a maximum of five years imprisonment.  See 18 U.S.C. §§ 371, 506(a)(1), and 2319(a) and (b)(1).  Consequently, they were class D felonies and this Court was authorized to sentence Petitioner to up to three years of supervised release.[4]  Petitioner's claim that this Court lacked authority to sentence him to a term of supervised release is meritless.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to a review of the claim contained in his Motion to Vacate as he has waived his right to seek collateral

---

[4] The Court also notes that Petitioner's Plea Agreement specifically set forth that he was subject to up to three years of supervised release.  (Plea Agr. ¶ 2).  Petitioner also swore at his Rule 11 hearing that he understood that the Court could order a term of supervised release if he was sentenced to a term of imprisonment.  (Entry and Acceptance of Guilty Plea Form ¶ 16).

review of such a claim in his Plea Agreement and, in the alternative, because it is procedurally barred. Furthermore, Petitioner's claim is meritless. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: June 20, 2007

Graham C. Mullen
United States District Judge